IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
JUL 2 6 2010
G. PATRICK MURPHY
SOUTHERN DISTRICT JUDGE
EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 10-30114-GPM |
| vs. ) | |
| ) | |
| CHEVRON COMMERCIAL, INC., ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

I.

1. Defendant, through its authorized representatives, will cooperate fully with the United States.

2. Defendant also agrees and acknowledges that its obligation to cooperate requires the corporation, through an authorized representative, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which the corporation is aware. Defendant agrees that any such information provided to law enforcement agencies will be complete and truthful.

3. Defendant will not be prosecuted in the Southern District of Illinois for any other crimes now known to the Government or to become known to the Government by virtue of

1

Defendant's cooperation. Conditioned on CHEVRON COMMERCIAL, INC.'s material compliance with all terms of this Plea Agreement, the United States Attorney's Office for the Southern District of Illinois agrees that, except for the criminal indictment that is the subject of this Plea Agreement, the Office will not prosecute CHEVRON COMMERCIAL, INC. or any current or former officer, director or employee of any such entity, or the successors or assigns of any of them, for any criminal offenses now known by the U.S. Attorney's Office for the Southern District of Illinois. As part of this agreement, the U.S. Attorney's Office agrees to make a motion to dismiss the charges against the defendants in cause 08-30200-GPM: Billy [William] Cunagin and Alan Ottensmeier with prejudice, including as applicable any appeal. **The Defendant agrees, through its officers and counsel to make a motion to the Court for vacation of the Court's order issued in cause -08-30200-GPM [Doc. 30] which dismissed the Indictment against the individual defendants in that cause.**

4.  In conjunction with the provisions of paragraphs 1, 2, and 3, herein above, Defendant specifically agrees and acknowledges that if it does not cooperate fully, then the United States is completely released from any obligation arising from this agreement and the Defendant is subject to full prosecution and punishment for any crime known to the Government at this time. It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw its plea.

5.  Defendant acknowledges that it has been advised and does fully understand the following:

(a) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) that it has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against it;

(c) that if it pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

6. The Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). The Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

7. The Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $400 per felony count. *See* 28 U.S.C. § 3013 (a)(2)(B). The Defendant agrees that it will pay the full amount of the special assessment prior to or at the time of sentencing.

8. The Defendant understands that the Court may impose a term of probation between one and five years *See* 18 U.S.C. § 3561(a), (c)(1); U.S.S.G. §§ 8D1.1-.4. **The Government will recommend and the Defendant agrees to a sentence of five (5) years probation and that the conditions of probation be those set forth in U.S.S.G. § 8D1.3-.4 with the further condition that the corporate defendant and its officers cooperate fully and completely with the Internal**

Revenue Service in the ascertainment, computation, assessment and collection of federal excise taxes due and to become due during the period of probation. The Defendant expressly agrees to assist the Internal Revenue Service in the assessment and collection of federal excise taxes from 2002 to the present and agrees to pay any duly determined and assessed federal excise taxes, unless a lesser amount is accepted by the Internal Revenue Service through an accepted offer in compromise. The Defendant further agrees, as a condition of probation, to provide the U.S. Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office with any requested financial or tax information.

9. The Government and the Defendant do not agree as to the amount of federal excise tax due but the Defendant does acknowledge a federal excise tax liability. The Defendant understands that the Court may impose a fine and costs of supervision. **The Government will <u>not</u> recommend the imposition of a fine because it would impair the ability of the defendant to pay federal excise taxes due to the Internal Revenue Service.**

10. The Defendant states that it has read this agreement and has discussed it with its attorney, and understands this agreement.

11. The Defendant understands and agrees that if it commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of this agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw its plea.

## II.

1. The Defendant states that it is actually guilty and will enter a plea of guilty to a one-count Information which charges a **Conspiracy To Impede, Impair, Obstruct And Defeat The Functions Of The Internal Revenue Service In The Ascertainment, Computation, Assessment And Collection Of Federal Excise Taxes**, in violation of Title 18, United States Code, Section 371. The maximum penalty that can be imposed for each violation is a term of probation of five (5) years and a fine of $500,000. *See* 18 U.S.C. §§ 3561( c)(1), 3571( c)(3). With respect to the fine, the maximum alternative fine may be the greater of twice the gross gain or twice the gross loss from the offense.. *See* 18 U.S.C. § 3571(d).

2. The Government and the Defendant agree that the following constitutes the essential elements of the offense:

> First, that the conspiracy as charged in Count 1 existed, and
>
> Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy, and
>
> Third, that an overt act was committed by at least one conspirator in furtherance of the conspiracy.

CHEVRON COMMERCIAL, INC. is a corporation. A corporation may be found guilty of an offense. A corporation acts only through its agents and employees, that is, those officers, agents, employees, or other persons authorized or employed to act for it.

The Government and the Defendant further agree that the following constitute essential elements pertaining to corporate defendants:

> First, the offense charged was committed by agents or employees of CHEVRON COMMERCIAL, INC.

5

Second, in committing the offense, the agents or employees intended, at least in part, to benefit CHEVRON COMMERCIAL, INC.;

Third, the acts by the agents or employees were committed within the authority or scope of their employment.

For an act to be within the authority of an agent or the scope of the employment of an employee, it must deal with a matter whose performance is generally entrusted to the agent or employee by CHEVRON COMMERCIAL, INC..

It is not necessary that the particular act was itself authorized or directed by CHEVRON COMMERCIAL, INC..

If an agent or an employee was acting within the authority or scope of their employment, CHEVRON COMMERCIAL, INC. is not relieved of its responsibility because the act was illegal, contrary to CHEVRON COMMERCIAL, INC.'s instructions, or against its general policies. A jury would be entitled, however, to consider the existence of CHEVRON COMMERCIAL, INC.'s policies and instructions and the diligence of its efforts to enforce them in determining whether the agents or employees were acting with intent to benefit CHEVRON COMMERCIAL, INC.

The Defendant agrees and admits that his conduct violated these essential elements of the offense.

3. **The Government will not recommend the imposition of a fine because it would impair the ability to make restitution.** Furthermore, the Defendant cannot and is not likely to become able to pay the otherwise required fine. Thus, the guidelines fine range is unnecessary. *See* U.S.S.G. § 8C2.2(a),(b). **The parties agree to waive a presentence investigation report and agree to the Court's imposition of the recommended sentence.**

### III.

1. The Defendant understands that by pleading guilty, it is waiving all appellate issues that might have been available if it had exercised its right to trial. The Defendant states that it is fully satisfied with the representation it has received from its counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.

2. The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives its right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives its right to seek a pardon.

3. Defendant's waiver of its right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United

States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4. Defendant's waiver of its appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the Government, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV

1. Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions. CHEVRON COMMERCIAL, INC. shall provide to the Government and to the Court a copy of a Corporate Acknowledgment of the Plea Agreement affirming that the Board of Directors of CHEVRON COMMERCIAL, INC. has given it signatory authority to enter into the Plea Agreement on behalf of CHEVRON COMMERCIAL, INC. and that it has done the following:

(a) consulted with legal counsel in connection with this matter;

(b) voted to authorize CHEVRON COMMERCIAL, INC. to plead guilty to the charge specified in the Plea Agreement; and,

(c) voted to authorize a corporate representative to execute the Plea Agreement and any and all other documents necessary to carry out the provisions of the Plea Agreement. CHEVRON COMMERCIAL, INC. further agrees that a duly authorized corporate officer and/or representative will appear on behalf of CHEVRON COMMERCIAL, INC. and will enter the guilty plea and will also appear for the imposition of sentence. A duly executed resolution of the Board of Directors of Exhibit A.

## V.

No matters are in dispute.

A. COURTNEY COX
United States Attorney

_____
CHEVRON COMMERCIAL, INC.
Billy Cunagin, President
Defendant

_____
NORMAN R. SMITH
Assistant United States Attorney

_____
J. WILLIAM LUCCO
Attorney for Defendant

Date: July 26, 2010

9

# EXHIBIT "A"

## CERTIFICATE OF PRESIDENT OF CHEVRON COMMERCIAL, INC., 10-30114-GPM

I, BILLY WILLIAM CUNAGIN, hereby certify that I am now, and at all times mentioned herein have been, the duly elected, qualified, and acting President of CHEVRON COMMERCIAL, INC. an Illinois corporation (the "Company"); that such officer, I have custody of the records of the Company and that the resolutions stated below were adopted by the Board of Directors of the Company as of _July 23-2010_ and remain in full force and effect as of the date of this certificate as follows:

WHEREAS, the Board has reviewed the Plea Agreement and Stipulation of Facts as presented to it by the Company's counsel involving violations of Title 18 U.S.C. Sections 371 and

WHEREAS, the Board has consulted with the legal counsel concerning the advisability of the Company entering into such Plea Agreement;

NOW, THEREFORE, BE IT RESOLVED, that the Company agrees to enter a plea of guilty to **CONSPIRACY TO IMPEDE, IMPAIR, OBSTRUCT AND DEFEAT THE FUNCTIONS OF THE INTERNAL REVENUE SERVICE IN THE ASCERTAINMENT, COMPUTATION, ASSESSMENT AND COLLECTION OF FEDERAL EXCISE TAXES**, in violation of Title 18, United States Code, Sections 371 and 2.

RESOLVED FURTHER, that the Company authorizes BILLY CUNAGIN President of the Company to execute on behalf of the Company, the Plea Agreement and Stipulation of Facts and to enter a plea of guilty on behalf of the Company to the charges enumerated above, and to execute all other documents necessary to carry out the provisions of the Plea Agreement.

IN WITNESS WHEREOF, I have duly executed this Certificate on this _26_, day of July, 2010.

_____
BILLY CUNAGIN, PRESIDENT
CHEVRON COMMERCIAL, INC.